___ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

9:04 am, Sep 08 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____DG_____ Deputy



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

*KGH*

| | | | |
|---|---|---|---|
| *Leah B. Grossi*<br>*Assistant United States Attorney*<br>*Leah.Grossi@usdoj.gov* | *Mailing Address*<br>*6500 Cherrywood Lane, Suite 200*<br>*Greenbelt, MD 20770-1249* | *Office Location*<br>*6406 Ivy Lane, 8th Floor*<br>*Greenbelt, MD 20770-1249* | *DIRECT 301-344-4235*<br>*MAIN 301-344-4433*<br>*FAX 301-344-4516* |

May 19, 2021

Liz Oyer, Esq.
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770

    Re:    United States v. Brian Anthony Gilbert,
            Criminal No. PWG-20-374

Dear Counsel:

       This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Brian Anthony Gilbert (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m. on May 28, 2021**, it will be deemed withdrawn. The terms of the Agreement are as follows:

Offenses of Conviction

       1.    The Defendant agrees to plead guilty to Counts Three, Six, and Nine of the Indictment, which charges the Defendant with: in Counts Three and Six, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); and in Count Nine, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

Elements of the Offenses

       2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland—

           a.    Count Three (Production of Child Pornography):  (1) the Defendant knowingly employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct; (2) the victim was a minor; and (3) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, the visual

depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer, or such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

   b. <u>Count Six (Production of Child Pornography)</u>: (1) the Defendant knowingly employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct; (2) the victim was a minor; and (3) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer, or such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

   c. <u>Count Nine (Possession of Child Pornography)</u>: (1) the Defendant knowingly possessed material containing an image of child pornography, as defined in 18 U.S.C. § 2256(8), including an image involving a prepubescent minor and minor who had not attained 12 years of age; (2) the child pornography was mailed, shipped, or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and (3) the Defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in sexually explicit conduct.

Penalties

3. The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 3 | 18 U.S.C. § 2251(a) | 15 years | 30 years | At least 5 years and no more than life | $250,000 | $100 + $5,000 + $50,000 |
| 6 | 18 U.S.C. § 2251(a) | 15 years | 30 years | At least 5 years and no more than life | $250,000 | $100 + $5,000 + $50,000 |
| 9 | 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | N/A | 20 years | At least 5 years and no more than life | $250,000 | $100 + $5,000 + $17,000 |

Rev. August 2018

      a.      Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

      b.      Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.      Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

      d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture. The Court may also enter an order of forfeiture for the Defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses. At a minimum, the Defendant will forfeit any device or other materials containing or used to transfer child pornography.

      f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

      a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however,

Rev. August 2018

and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein. This Office and the Defendant further agree and stipulate that the conduct described in the Statement of Facts establishes the commission of additional offenses (including additional instances of production of child pornography), that the conduct is relevant conduct, and that the guidelines applicable to that conduct should be considered by the Court, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 1B1.2(c) and 1B1.3. This Office and the Defendant further agree that the following United States Sentencing Guidelines ("U.S.S.G.") apply:

### Count Three (Production of Child Pornography)

    a.  The base offense level is **32**, pursuant to U.S.S.G. § 2G2.1(a), because the offense involved the sexual exploitation of a minor (Victim 1) by production of sexually explicit visual material.

    b.  A **4**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(1)(A), because the offense involved a minor who had not attained the age of twelve years.

    c.  A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(2)(A), because the offense involved a sexual act or sexual contact.

    d.  A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(3), because the Defendant knowingly engaged in distribution.

    e.  The adjusted offense level as to Count Three thus is **40**.

Count Six (Production of Child Pornography)

    f.    The base offense level is **32**, pursuant to U.S.S.G. § 2G2.1(a), because the offense involved the sexual exploitation of a minor (Victim 2) by production of sexually explicit visual material.

    g.    A **4**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(1)(A), because the offense involved a minor who had not attained the age of twelve years.

    h.    A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(2)(A), because the offense involved a sexual act or sexual contact.

    i.    A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(3), because the Defendant knowingly engaged in distribution.

    j.    This Office's position is that a **4**-level increase applies, pursuant to U.S.S.G. § 2G2.1(b)(4), because the offense involved material that portrays an infant or toddler. The Defendant's position is that this enhancement does not apply.

    k.    This Office's position is that the adjusted offense level as to Count Six thus is **44**. The Defendant's position is that the adjusted offense level as to Count Six thus is **40**.

Count Nine (Possession of Child Pornography)

    l.    The applicable base offense level is **18**, pursuant to U.S.S.G. § 2G2.2(a)(1), because the Defendant will be convicted of 18 U.S.C. § 2252A(a)(5).

    m.    A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

    n.    A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because the Defendant knowingly engaged in distribution.

    o.    A **4**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(4)(A), because the offense involved material that portrays sadistic or masochistic conduct.

    p.    This Office's position is that a **5**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(5), because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The Defendant's position is that this enhancement does not apply.

    q.    A **2**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession,

transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

   r. A **5**-level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved more than 600 images.

   s. This Office's position is that the adjusted offense level as to Count Nine thus is **38**. The Defendant's position is that the adjusted offense level as to Count Nine thus is **33**.

Grouping

   t. There is no agreement between the parties as to the applicability or inapplicability of the grouping rules, including but not limited to those set forth in U.S.S.G. §§ 1B1.2(c), 2G2.1(d)(1), 3D1.1, 3D1.2, 3D1.3, and 3D1.4.

Acceptance of Responsibility

   u. This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

Repeat and Dangerous Sex Offender Against Minors

   v. This Office's position is that a **5**-level increase is added to the offense level determined under Chapters Two and Three, pursuant to U.S.S.G. § 4B1.5(b)(1), because: the Defendant's offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of § 4B1.5 of the guidelines apply, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. The Defendant's position is that this enhancement does not apply.

Maximum Offense Level

   w. Pursuant to U.S.S.G. Chapter 5, Part A, Application Note 2, a total offense level of more than **43** shall be treated as an offense level of **43**.

   7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

Rev. August 2018

Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.  Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

9.  At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Sex Offender Registration and Additional Special Assessments

10. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

11. The Defendant must also pay an additional special assessment of $5,000 per count of conviction, unless the Defendant is indigent, pursuant to 18 U.S.C. § 3014.

12. The Defendant must also pay any additional special assessments of up to $50,000 per production count and up to $17,000 for the possession count, pursuant to 18 U.S.C. § 2259A.

## Restitution

13. The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A, and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The victims shall include minors depicted in any images or videos seized by the Government, including videos and images in the Defendant's on-line accounts or found on the Defendant's digital devices. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the

Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Forfeiture

14. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses. The Defendant understands the Government may also forfeit all property used to facilitate the Defendant's illegal activities, including property used to produce, transmit, transport, distribute, or store child pornography.

15. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

    a. HP Laptop, serial number CND6310DPY, seized on September 11, 2020 from the Defendant's residence;

    b. Black iPhone 5s, IMEI 013852000070820, serial number C39LP53TFF9R, seized on September 11, 2020 from the Defendant's residence; and

    c. Samsung Tablet, IMEI 359829060330346, seized on September 11, 2020 from the Defendant's residence.

16. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. .

17. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Waiver of Appeal

19. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any sentence that exceeds the aggregate statutory maximums of Counts Three, Six, and Nine (80 years); and

        ii. This Office reserves the right to appeal any sentence below any statutory minimum (15 years).

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Defendant's Conduct Prior to Sentencing and Breach

20. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

21.  If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

22.  The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

23.  This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

_Leah B. Grossi_ Digitally signed by LEAH GROSSI
Date: 2021.05.19 10:14:22 -04'00'

Leah B. Grossi
Assistant United States Attorney

_Jessica Urban_

Jessica Urban, Trial Attorney
Child Exploitation and Obscenity Section
Department of Justice

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5/20/21
Date

_Brian Gilbert_
Brian Anthony Gilbert

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

5/20/21
Date

_Liz Oyer_
Liz Oyer, Esq.

# ATTACHMENT A
# STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

In late August 2020, the Defendant, **BRIAN ANTHONY GILBERT** ("**GILBERT**"), uploaded, shared, and advertised at least two video files of child pornography depicting an approximately 7-year-old girl ("Victim 1"), which **GILBERT** claimed to have produced, on a website (hereinafter referred to as "Website A") hosted over the Tor network. The Tor network is a computer network that is designed specifically to facilitate anonymous communication over the Internet. Website A is an online bulletin board dedicated to child pornography. Users on Website A regularly advertise, share, distribute, and download child pornography. **GILBERT** uploaded, shared, and advertised the two video files of child pornography depicting Victim 1 on Website A from **GILBERT**'s residence in District Heights, Maryland.

Specifically, on or about August 26, 2020, **GILBERT** posted a thread on Website A under the category "HC Videos / Hardcore." **GILBERT**'s post contained the following message: "Picked up [Victim 1] today and she probably be over tomorrow, i didn't edit the video well i did put all of them together. But I didn't edit out parts that might seem 'Boring' but I did manage to record her saying her famous 'nothing line' when her little sister caught us lol. Anyways that being said… here is the video." Below **GILBERT**'s message was a preview image of a video and a hyperlink to download the file. The video **GILBERT** uploaded was approximately 9:56 minutes in length and depicted Victim 1 who was seven years old at the time. **GILBERT** is also present and is seen with his penis protruding out of his pants. Victim 1 uses her hand to stroke **GILBERT**'s penis and places **GILBERT**'s penis in her mouth. A second, younger girl ("Witness 1") can be seen entering the room, at which point Victim 1 stops.

Within the same thread on Website A containing the above-described video, **GILBERT** posted the following messages:

- "I uploaded 2 videos. one video was late of last year. and the 2nd one was earlier this year if that's what your asking. So far only those 3 videos i had uploaded of me and [Victim 1]. If you want the links I'll post them but yeah I'm naming this series . . . . Well producing cp [i.e, child pornography] ain't easy mate. i would had uploaded more but battery was dying and then her little sister had it so i couldn't record anymore we did do more but sadly couldn't get all of the action i wanted to record."
- "parts i didn't/couldn't record. . . . me busting a nut on her ass due to how rough she was pushing herself back on my dick."
- "Well I do include [Witness 1] in the non-sexual stuff… she is aware of cp and . . . She was lying in my bed while i banged her sister in the corner of my room… I was trying to give her younger sister the tablet, but she wanted to watch cp on both the tablet and laptop in the corner. she had both tablet and laptop running CP."

- "We all know people who produce cp are mostly the targets, I already started that clock but not to sound like a downer the area I live at (not going to say where). I'm more scared of being murdered or something else way more than being caught doing what i do."
- "it's just i'm limited to what i could do with her when she is around.. I do not have my own place and with this covid shit it just makes it tougher."

On or about August 29, 2020, **GILBERT** posted another thread on Website A under the category "HC Videos / Hardcore." **GILBERT**'s post contained the following message: "uploading more videos of [Victim 1] enjoy." Below **GILBERT**'s message was a preview image of a video and a hyperlink to download the file. The video **GILBERT** uploaded was approximately 15:01 minutes in length and depicted Victim 1, who was seven years old at the time. **GILBERT** is also present and is seen with his penis pulled out of his pants. Victim 1 puts **GILBERT**'s penis in her mouth. Later in the video, **GILBERT** ejaculates on her back.

On September 11, 2020, law enforcement executed a federal search warrant on **GILBERT**'s residence in District Heights, Maryland. **GILBERT** was in the residence at the time the search warrant was executed. Law enforcement read **GILBERT** his *Miranda* rights, which he agreed to waive. **GILBERT** told law enforcement that he had produced child pornography of two minors – Victim 1 and Victim 2 – and that he distributed that child pornography on the Tor network. Victim 1 was born in 2013. Victim 2 was born in 2016.

Specifically, **GILBERT** told law enforcement that he would video record Victim 1 masturbating his penis and performing oral sex on his penis. **GILBERT** stated that he would rub his erect penis against Victim 1's exposed vagina. **GILBERT** stated that he recorded Victim 2 performing oral sex on **GILBERT**'s penis. **GILBERT** told law enforcement that these sexual encounters occurred approximately 5 times between January 2019 and August 2020 in his bedroom at his residence in District Heights, Maryland and at Victim 1's residence in Maryland. After recording these sexual encounters on his iPhone 5, **GILBERT** said he uploaded the majority of the videos to Website A.

Law enforcement seized a number of electronic devices from **GILBERT**'s bedroom during the course of the search warrant on **GILBERT**'s residence that were later discovered to contain child pornography, including the following: (1) HP laptop, serial number CND6310DPY (the "laptop"); (2) black iPhone 5s, IMEI 013852000070820, serial number C39LP53TFF9R (the "iPhone 5s"); and (3) Samsung tablet, IMEI 359829060330346 (the "tablet") (collectively, the "seized electronic devices"). The iPhone 5s, laptop, and tablet were made or assembled outside the United States and thus were transported in interstate and foreign commerce.

A forensic analysis of the seized electronic devices revealed over 2,000 files depicting child pornography, as defined by 18 U.S.C. § 2256(8). The child pornography included that of prepubescent children and children under 12 years old, sadistic or masochistic conduct, including the use of instruments or tools on children, and sexual acts between adults and children.

Law enforcement was able to identify at least six video files on the seized electronic devices that **GILBERT** recorded of his sexual encounters and contacts with Victim 1 and Victim

2 in **GILBERT**'s bedroom or Victim 1's residence. Based on law enforcement's investigation, those six video files can be described as follows:

- On December 28, 2018, **GILBERT** recorded a video of Victim 1, who was five years old at the time, performing oral sex on **GILBERT**'s penis. **GILBERT** recorded the video in his bedroom using his iPhone 5s and later saved it to his laptop and named the file with a reference to oral sex.

- On January 3, 2019, **GILBERT** recorded a video of Victim 2, who was two years old at the time, performing oral sex on **GILBERT**'s penis. **GILBERT** recorded the video using his iPhone 5s. The background of this video appears visually similar to **GILBERT**'s bedroom.

- On June 12, 2020, **GILBERT** recorded a video of Victim 1, who was seven years old at the time, masturbating **GILBERT**'s penis and **GILBERT** rubbing his penis against Victim 1's vagina. **GILBERT** recorded the video in Victim 1's residence using his iPhone 5s and later saved it to his laptop and named the file with a reference to the sexual conduct depicted therein.

- On August 25, 2020, **GILBERT** recorded a video of Victim 1, who was seven years old at the time, masturbating **GILBERT**'s penis, performing oral sex on **GILBERT**'s penis, and **GILBERT** rubbing his penis against Victim 1's vagina. **GILBERT** recorded the video in his bedroom using his iPhone 5s and later saved it to his laptop. As described above, on or about August 26, 2020, **GILBERT** uploaded, shared, and advertised depictions from this video on Website A.

- On August 28, 2020, **GILBERT** recorded a video of Victim 1, who was seven years old at the time, masturbating **GILBERT**'s penis and performing oral sex on **GILBERT**'s penis. The video also shows **GILBERT** rubbing his penis against Victim 1's vagina and ejaculating on Victim 1's back. **GILBERT** recorded the video in his bedroom using his iPhone 5s and later saved it to his laptop. As described above, on or about August 29, 2020, **GILBERT** uploaded, shared, and advertised depictions from this video on Website A.

- On August 29, 2020, **GILBERT** recorded a video of Victim 1, who was seven years old at the time, masturbating **GILBERT**'s penis and performing oral sex on **GILBERT**'s penis. **GILBERT** recorded the video in his bedroom using his iPhone 5s.

In total, **GILBERT** knowingly possessed over 600 images/videos of child pornography across the seized electronic devices. These included images and videos of children engaged in

sexually explicit conduct that **GILBERT** downloaded from the Internet, and such images and videos were transported in or affecting interstate or foreign commerce.

SO STIPULATED:

_Leah B. Grossi_ Digitally signed by LEAH GROSSI Date: 2021.05.19 10:14:50 -04'00'

Leah B. Grossi
Assistant United States Attorney

_Jessica Urban_

Jessica Urban, Trial Attorney
Child Exploitation and Obscenity Section
Department of Justice

_Brian Gilbert_

Brian Anthony Gilbert
Defendant

_Liz Oyer_

Liz Oyer, Esq.
Counsel for Defendant